**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

REUBEN AVENT,

Plaintiff,

- v -

Civ. No. 1:19-CV-70
(GLS/DJS)

P.O. MEILUNAS, P.O. ARTHUR, P.O. COONS,
P.O. BRIGGS, UNIDENTIFIED P.O. JOHN DOE,
COMMISSIONER ANOTHY ANNUCCI,
NYS DIVISION OF PAROLE, and HON. DOMINIC
A. D'AGOSTINO, Sheriff,

Defendants.

**APPEARANCES:**                          **OF COUNSEL:**

REUBEN AVENT
Plaintiff, *Pro Se*
5118 Western Turnpike
Duanesburg, NY 12056

**DANIEL J. STEWART**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

The Clerk has sent for review a civil Complaint filed by Plaintiff *pro se* Reuben

Avent.  Dkt. No. 1, Compl.  Plaintiff has not paid the filing fee, but instead submitted a

Motion to Proceed *in forma pauperis* ("IFP").  Dkt. No. 2, IFP App.  By separate Order,

this Court granted Plaintiff's Application to Proceed IFP.  Now, in accordance with 28

U.S.C. § 1915(e), the Court will *sua sponte* review the sufficiency of the Complaint.

## I. DISCUSSION

### A. Pleading Requirements

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

In reviewing a *pro se* complaint, this Court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). Although the

court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* at 678 (further citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, for the proposition that Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 Fed. Appx. 102, 104 (2d Cir. 2009).

## B. Allegations Contained in Plaintiff's Complaint

The Complaint relates to Plaintiff's parole supervision and eventual revocation proceedings. *See generally* Compl. Plaintiff alleges that Defendants violated his rights under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments. *Id.* at ¶ 46. Generally stated, Plaintiff objects that the conditions of his supervision on parole were unlawful because Defendants lacked the legal authority to compel him to undergo specific

medical or mental health counseling and/or treatment as he alleges that parole officers required that he do.  *See, e.g., id.* at ¶¶ 12-17.  Plaintiff also alleges that Defendants interfered with his right to counsel during parole revocation proceedings.  *Id.* at ¶ 21. Additionally, he alleges that there was never a lawful term of post release supervision ("PRS") imposed as a part of Plaintiff's criminal sentence.  *Id.* at ¶ 35.

### C. Sufficiency of the Pleading

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action. Some cases are hybrids, with a prisoner seeking relief unavailable in habeas, notably damages, but on allegations that not only support a claim for recompense, but imply the invalidity either of an underlying conviction or of a particular ground for denying release short of serving the maximum term of confinement.

*Muhammad v. Close*, 540 U.S. 749, 750-51 (2004).  As pled, this presents such a hybrid case.  Plaintiff specifically avers that the case is brought both pursuant to section 1983 and seeks *habeas corpus* relief.  Compl. at ¶ 2.  He seeks relief regarding his criminal sentence, as well as, monetary damages.  *Id.*  Having reviewed the Complaint under the standards set forth above, the Court recommends that it be dismissed.

*1. Section 1983*

The Complaint names seven specifically named defendants and an unidentified "John Doe." *See generally* Compl. At least with regard to the section 1983 claim, a number of those defendants are clearly subject to dismissal.

The NYS Division of Parole is one named Defendant. "It is well-established that, as an agency or arm of the State of New York, the New York State Board of Parole, Division of Parole, is immune from suit under the Eleventh Amendment." *Massey v. N.Y. State Parole*, 2019 WL 181317, at *2 (E.D.N.Y. Jan. 10, 2019) (citing cases); *see also Ennis v. New York Dep't of Parole*, 2018 WL 3869151, at *4 (N.D.N.Y. June 12, 2018), *report and recommendation adopted*, 2018 WL 3862683 (N.D.N.Y. Aug. 14, 2018) ("DOCCS, of which the Division of Parole is now a part, is a New York State agency that has immunity under the Eleventh Amendment.").

The Complaint makes no factual allegations whatsoever against Defendants Annucci, D'Agostino, and John Doe that could form the basis of a section 1983 claim here. Without such allegations, Plaintiff has failed to allege their personal involvement in a violation of his constitutional rights and dismissal is warranted. *See, e.g., McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir.1977) ("In this Circuit personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.").[1]

---

[1] D'Agostino may be a proper party as it relates to the habeas corpus aspect of this proceeding, *see Bell v. Ercole*, 631 F. Supp. 2d 406, 411 n.1 (S.D.N.Y. 2009), which is addressed below.

The allegations against the remaining defendants assert specific violations of Plaintiff's First, Sixth, and Fourteenth Amendment rights. *See*, *e.g.*, Compl. at ¶¶ 10 & 42-44. While those allegations may be sufficient to withstand initial review on their own, the Court nonetheless recommends dismissal of the claims under the doctrine enunciated in *Heck v. Humphrey*, 512 U.S. 477 (1994). "This rule directs that a state inmate's claim under 42 U.S.C. § 1983 is precluded if 'judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence ... unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.'" *Kearney v. Kozloski*, 2016 WL 4690400, at *3 (N.D.N.Y. Sept. 7, 2016) (quoting *Heck v. Humphrey*, 512 U.S. at 487)). "*Heck* . . . precludes section 1983 actions challenging the validity of confinement based on the revocation of parole." *Id.* at *4.[2] Here, Plaintiff has not pled the invalidation of the state conviction or revocation proceedings here. Indeed, as discussed below, he seeks to pursue that very remedy in this proceeding. Accordingly, the Court recommends dismissal of the remaining claims under *Heck*.

"Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Bruce v. Tompkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting

---

[2] To the extent Plaintiff's Complaint contends damages as a result of the improper imposition of post release supervision, "[l]ogic compels the same application to challenges to the revocation of post-release supervision." *Kearney v. Kozloski*, 2016 WL 4690400, at *4.

*Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991)).  However, where the grounds for dismissal offer no basis for curing the defects in the pleading, dismissal with prejudice is appropriate.  *Kunz v. Brazill*, 2015 WL 792096, at *3 (N.D.N.Y. Feb. 25, 2015). Plaintiff's claim against the Division of Parole cannot be cured by other pleading and so the Court recommends that that claim be dismissed with prejudice.  Plaintiff, however, may be able to address the *Heck* bar identified here through more detailed pleading regarding his current parole status and whether any other legal proceedings are pending or have been decided regarding that status.  As a result, the Court recommends that the remainder of Plaintiff's claims be dismissed without prejudice.

### 2. Habeas Corpus

The Court also recommends dismissal of that portion of this proceeding which seeks *habeas corpus* relief.  Absent the existence of exceptions not arguably present here, federal habeas corpus relief is unavailable unless state court remedies have first been exhausted. 28 U.S.C. § 2254(b)(1).  Petitioner seeks *habeas corpus* relief regarding his parole revocation proceedings.  Compl. at ¶ 32.  "A petitioner seeking habeas review of his parole revocation is subject to the exhaustion doctrine." *Lebron v. Annucci*, 2016 WL 1312564, at *2 (N.D.N.Y. Apr. 4, 2016)  (citing *Cook v. New York State Div. of Parole*, 321 F.3d 274, 278 (2003) and *McQueen v. Superintendent, Franklin Corr. Facility*, 2015 WL 6449138, at *4 (N.D.N.Y. Oct. 23, 2015)).  "The typical path for exhausting a claim concerning a petitioner's parole revocation proceeding includes both completion of the

internal, administrative appeal process within the Division of Parole and, in the event of an adverse determination, commencement of a CPLR Article 78 proceeding." *Smith v. Smith*, 2018 WL 557877, at *4 (N.D.N.Y. Jan. 22, 2018) (quoting *McCullough v. New York State Div. of Parole*, 2015 WL 2340784, at *4 (N.D.N.Y. Apr. 15, 2015)).

It is unclear whether Plaintiff pursued an administrative appeal and the Complaint makes no allegation that Plaintiff filed an Article 78 proceeding challenging the revocation of his parole. He does allege having attempted to file several state habeas corpus proceedings which have been "rejected" in both Albany and Schenectady Counties. *See*, *e.g.*, Compl. at ¶¶ 27-28. Given that Plaintiff alleges that his parole revocation proceeding occurred in December 2018, it may well be that he may still pursue review under Article 78. *See* New York Civ. Prac. Law and Rules 217(1) (statute of limitations for Article 78 proceedings is four months).

Accordingly, the Court recommends that the *habeas corpus* portion of this action be dismissed without prejudice as unexhausted.

## II.  CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint against the New York State Division of Parole be **DISMISSED with prejudice**; and it is further

**RECOMMENDED**, that the remainder of Plaintiff's Complaint be **DISMISSED without prejudice with leave to amend**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days[3] within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:  March 18, 2019
       Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

---

[3] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).