**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

REUBEN AVENT,

                        Plaintiff,                    1:19-cv-70
                                                                              (GLS/DJS)

                    v.

P.O. MEILUNAS et al.,

                    Defendants.
_____

**APPEARANCES:**                              **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Reuben Avent
Pro Se
5118 Western Turnpike
Duanesburg, NY 12056

**FOR THE DEFENDANTS:**
                                                          NO APPEARANCE

**Gary L. Sharpe
Senior District Judge**

## <u>ORDER</u>

      On March 18, 2019, Magistrate Judge Daniel J. Stewart filed a

Report-Recommendation and Order (R&R), (Dkt. No. 6), which

recommended that plaintiff Reuben Avent's complaint, (Compl., Dkt. No.

1), be dismissed.[1]  Pending are Avent's objections to the R&R.  (Dkt. No. 7.)

Only specific objections warrant de novo review.  *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484, 2006 WL 149049, at *4-6 (N.D.N.Y. Jan. 18, 2006).  Objections that are general, conclusory, frivolous, or a mere reiteration of an argument already made to the Magistrate Judge trigger only clear error review.  *See id.* at *4.

Avent makes a number of specific objections.  First, he argues that 28 U.S.C. § 1915(e) "is not a statu[t]e to use in the manner it is used here." (Dkt. No. 7 at 1.)  However, Judge Stewart correctly applied § 1915(e). (Dkt. No. 6 at 2.)  The two cases cited by Avent, (Dkt. No. 7 at 1), are inapposite, in that they address an earlier version of the statute and focus solely on frivolousness.  (*See* Dkt. No. 6 at 2 ("'[T]he court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted[.]'") (quoting § 1915(e)(2)).)

Second, Avent argues that the Eleventh Amendment does not apply

---

[1] Specifically, the R&R recommended that Avent's claims against defendant New York State Division of Parole be dismissed with prejudice and the remainder of his complaint be dismissed without prejudice and with leave to amend.  (Dkt. No. 6 at 8.)

to defendant New York State Division of Parole because it is "a party only in [its] official capacity and only for injunctive relief." (Dkt. No. 7 at 2.) It is true that, under the *Ex parte Young* doctrine, sovereign immunity does not preclude a plaintiff from seeking prospective injunctive relief against a state official acting in his or her official capacity for an ongoing violation of federal law. *See Tiraco v. N.Y. State Bd. of Elections*, 963 F. Supp. 2d 184, 192 (E.D.N.Y. 2013) (internal citations omitted). But that exception applies to state officials and not a state agency itself. *See id.* at 192-93 (collecting cases).

Third, Avent argues that the *Heck* bar does not apply because his "post supervision sentence . . . was never given to him by a judge but capriciously assigned to him by defendants and none of them are judges." (Dkt. No. 7 at 2.) However, as Judge Stewart correctly explained, *Heck* precludes § 1983 actions challenging the validity of confinement based on the revocation of parole or post-release supervision. (Dkt. No. 6 at 6 & n.2 (citing *Kearney v. Kozloski*, 1:14-cv-1446, 2016 WL 4690400, at *3-4 (N.D.N.Y. Sept. 7, 2016)).)

Finally, Avent argues that he "asserted facts that he was denied any access to the state courts to remedy the decision." (Dkt. No. 7 at 3.)

3

Avent alleges that he filed a writ of habeas corpus in Supreme Court in Schenectady County and "resubmitted" his writ in Albany County Court. (Compl. ¶¶ 22, 26.) However, as correctly noted by Judge Stewart, "[i]t is unclear whether [Avent] pursued an administrative appeal and the [c]omplaint makes no allegation that [he] filed an Article 78 proceeding challenging the revocation of his parole." (Dkt. No. 6 at 8.) The lack of allegations regarding exhaustion is fatal to Avent's request for habeas relief. *See McCullough v. NYS Div. of Parole*, No. 9:11–CV–1112, 2015 WL 2340784, at *3-4 (N.D.N.Y. Apr. 15, 2015).

The court otherwise finds no clear error in the R&R.

Accordingly, it is hereby

**ORDERED** that the Report-Recommendation and Order (Dkt. No. 6) is **ADOPTED** in its entirety; and it is further

**ORDERED** that Avent's claims against the New York State Division of Parole are **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED** that the remainder of Avent's complaint is **DISMISSED WITHOUT PREJUDICE and WITH LEAVE TO AMEND**; and it is further

**ORDERED** that Avent shall file an amended complaint, in full compliance with this Order, no later than thirty (30) days from the date of

this Order, and the Clerk shall dismiss this case with prejudice without any further Order should he fail to do so; and it is further

**ORDERED** that the Clerk provide a copy of this Order to the parties.

**IT IS SO ORDERED.**

April 24, 2019
Albany, New York

_Gary L. Sharpe_
Gary L. Sharpe
U.S. District Judge